## Case No. 11,820.

### RIDYARD et al. v. PHILLIPS.

[4 Blatchf. 443;[1] 2 Leg. & Ins. Rep. 27.]

Circuit Court, S. D. New York.   Aug. 17, 1860.

AFFREIGHTMENT — DESTRUCTION IN SPECIE — LOSS OF ORIGINAL CHARACTER—RESHIPMENT.

Where cargo shipped on freight is destroyed in specie by a peril of the sea, which causes the vessel to put into a port of distress, so that such cargo loses its original character at the port of distress, or where the damage to it is such that, if reshipped, a total destruction of it, in specie, will be inevitable, before it can arrive at its port of destination, the shipper is not liable for the freight.

This was an action brought to recover the balance of a sum of money received by the defendant [James W. Phillips] as the proceeds of a quantity of damaged corn, which had been shipped for the plaintiffs [William Ridyard and others], at New York, consigned to them at Liverpool, by the ship Ohio, belonging to the defendant. The balance was the amount of the freight on the corn. The vessel, soon after leaving New York, encountered a violent storm, which crippled her, and caused her to leak. The vessel and cargo were so much damaged, that the master was obliged to put back to the port of departure. Competent persons examined the condition of the corn, and came to the conclusion that it was so much damaged, that, after the best attention bestowed upon it, in endeavoring to prepare it for reshipment, there was not the slightest prospect or probability that it would, if reshipped, arrive at the port of delivery in specie, and recommended a sale by the master for the benefit of whom it might concern. The sale was made accordingly. The ship, which was a general one, refitted and reshipped her other cargo to Liverpool, her port of destination, and at no time contemplated giving up the voyage.

John S. McCulloh, for plaintiffs.
William M. Evarts, for defendants.

NELSON, Circuit Justice. The question in this case is, whether, on the facts, the owner of the vessel is entitled to freight. This question was very fully examined by me in the case of Hugg v. Augusta Insurance & Banking Co., 7 How. [48 U. S.] 595, 606, 607, it being indirectly involved in the first question presented, on the division of opinion in the court below. The court there held, that the underwriters would be liable for freight, as a total loss, if it should be found by the jury that there was a destruction in specie of the cargo, so that it had lost its original character at the port of distress, or that, if it had been reshipped, a total destruction in specie would, from the damage received, have been inevitable, before it could have arrived at its port of destination. The latter principle decides the question before me, upon the facts

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

in this case. The shippers were not liable for the freight, but the underwriters were.

There must be a judgment for the plaintiffs, for the amount of freight retained, with interest from the demand of the same.